JKB/cic/319901                                                                                            8190-1-51

## UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6807 |
| | ) |
| VITALIS PARTNERS, LLC; LARRY HARMON | ) Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, | ) |
| LLC; LARRY HARMON and KENNY CRUZ, | ) Magistrate Judge Ashman |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS

Defendants, Vitalis Partners, LLC, KC Development Company, LLC (erroneously sued herein as KCD Developments, LLC)("KC Development"), Kenny Cruz, Larry Harmon and Larry Harmon & Associates, P.A. ("Larry Harmon & Associates"), by and through their attorneys, pursuant to Fed.R.Civ.P. 12(b)(2), hereby move to dismiss Plaintiffs' Complaint.

### I.     INTRODUCTION

Defendants Vitalis Partners, LLC, KC Development Company, LLC (erroneously sued herein as "KCD Developments, LLC"), Kenny Cruz, Larry Harmon and Larry Harmon & Associates, P.A. ("Larry Harmon & Associates") (collectively, "Defendants") move this Court to dismiss the action filed against them by plaintiffs for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP"). Defendants are all individuals and entities who are citizens of the State of California, sued by plaintiffs in Illinois. Defendants removed the action based on diversity of citizenship under 28 U.S.C. § 1446 (a). Plaintiffs' complaint does not contain allegations sufficient to meet even the slight burden of establishing the *prima facie* showing of personal jurisdiction. Defendants now request that the Court dismiss

the action. Plaintiffs have not alleged sufficient minimum contacts by Defendants to force them to defend the litigation in the forum state. Under Federal law and Illinois' long-arm statute, exercising jurisdiction over Defendants must comport with due process. In addition, in the Seventh Circuit the exercise of personal jurisdiction is only reasonable if minimum contacts are found. Because Defendants lack sufficient minimum contacts with Illinois and the exercise of jurisdiction over Defendants would be unreasonable, Defendants respectfully request that the Court dismiss the action in its entirety under Rule 12(b)(2).

## II.     FACTUAL AND PROCEDURAL HISTORY

On September 19, 2007, plaintiffs Ben Gordon ("Gordon"), G7, Inc., and BG4, Inc., filed a lawsuit against Defendants in the Circuit Court of Cook County, Illinois. Defendants were served on or about November 5 and 7, 2007, and thereafter timely removed the matter to this Court on Monday, December 3, 2007. All facts stated herein are contained within the allegations of the complaint. Defendants do not admit the allegations of the complaint, but restate the facts of the complaint to assist the Court's analysis of whether plaintiffs have pled sufficient facts to support a finding of jurisdiction.

The Complaint contains two counts. The first count is pled against all Defendants for breach of contract. The alleged contract is a promissory note entered into in Rocklin, California whereby Plaintiff Gordon was to receive guaranteed and secured interest on a one-million dollar investment at a fixed rate of 17.5%. Additionally, Gordon was to receive monthly interest payments representing a portion of the 17.5% interest accruing on the loan. The borrowers signed the promissory note outlining the details of the loan and interest payments. The note was executed in Rocklin, California. The note also clearly states that the funds for the loan will be secured by real property located in Redding, California. Indeed, the funds were to be used to further development of the real property. Finally, the note provided that the borrowers agreed

that the promissory note would be governed by California law and that the venue for any dispute under the promissory note shall be Placer County, State of California. There is no mention of Illinois, Illinois law, jurisdiction in Illinois, or any other references to venue or jurisdiction in the promissory note.

Plaintiffs allege that Defendants failed to pay Gordon under the promissory note. Plaintiffs do not allege any other breaches of the promissory note and there are no jurisdictional allegations in the complaint related to the promissory note or defendants Kenny Cruz, KC Development, Vitalis Partners or Larry Harmon or related to Larry Harmon & Associates as to the first count.

The second count is against Larry Harmon and Larry Harmon & Associates for breach of fiduciary duty. Gordon bases the second count primarily on Larry Harmon & Associates' execution of the contractual agreement between Gordon and Larry Harmon & Associates. The second count does not, however, contain alter-ego allegations or otherwise explain how the second count applies to Larry Harmon, individually. Regardless, the complaint more fatally fails to contain any allegations supporting the finding of personal jurisdiction over Larry Harmon & Associates or Larry Harmon under count two. Larry Harmon & Associates served as Gordon's financial advisor under a contractual relationship. Larry Harmon & Associates operates out of California and there are no jurisdictional allegations in the complaint alleging that Larry Harmon & Associates should be susceptible to litigation in this District or anywhere in Illinois.

### III. LEGAL ARGUMENT

A. **Plaintiffs Have Not Met Their Burden Of Demonstrating That The Court's Exercise Of Personal Jurisdiction Over Defendants Is Proper**

The plaintiff bears the burden of demonstrating that the court's exercise of personal jurisdiction over a defendant is proper. *George S. May Intern. Co. v. Xcentric Ventures, LLC,*

409 F.Supp.2d 1052 (N.D. Ill. 2006) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir.1997)). To meet this burden, the plaintiff must make a prima facie showing of "sufficient contacts between the defendant and the forum state." *Mellon East*, 960 F.2d at 1223, *citing Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987). Plaintiffs must properly allege facts, as opposed to conclusory allegations, to establish personal jurisdiction. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiffs have failed to allege facts in their complaint sufficient to establish that this Court, or any court in Illinois, has jurisdiction over Defendants.

B. **Illinois Courts Do Not Have Jurisdiction Over Defendants Based on Plaintiffs' Allegations in the Complaint**

    1. **Plaintiffs Do Not Allege Sufficient Minimum Contacts For The Court To Exercise Personal Jurisdiction Over Defendants**

The inquiry into whether this Court has jurisdiction over Defendants must begin with "an application of the statutory law of [Illinois]." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). After considering Illinois' statutory framework concerning jurisdiction over non-resident defendants, the Court should then consider whether its exercise of jurisdiction would "comport[ ] with due process." *Id.* at 549. The Seventh Circuit has determined that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). "One due process inquiry is therefore sufficient." *May*, 409 F.Supp.2d at 1055 (citing *Edelson*, 352 F.Supp.2d at 866). Accordingly, the Court's inquiry into whether its exercise of jurisdiction over a nonresident defendant would be consistent with due process of law should begin with the "minimum contacts" rule articulated by the United States Supreme Court in *International Shoe Co. v. Washington*. Federal due process requires that, in order for the Court to exercise *in personam* jurisdiction over a nonresident defendant, it is necessary that the

4

defendant have certain minimum contacts with the forum state such that the maintenance of the suit there does not offend "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Those minimum contacts must have a basis in "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The contacts between the defendant and the forum state may not be "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). Instead, "the sufficiency of the contacts is measured by the defendant's purposeful acts." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir.1994). This requirement ensures that an alien defendant will not be forced to litigate in a distant or inconvenient forum solely as a result of random, fortuitous, or attenuated contacts or the unilateral act of a consumer or some other third person. *Burger King Corp.*, 471 U.S. at 475. A court conducting a federal due process analysis must consider whether (1) the nonresident defendant had minimum contacts with the forum state such that there was fair warning that the nonresident defendant may be hailed into a forum court, (2) the action arose out of or related to the defendant's contacts with the forum state, and (3) it is reasonable to require the defendant to litigate in the forum state. *Burger King Corp.*, 471 U.S. at 471-77.

The minimum-contacts and fair-warning requirements are satisfied if the defendant has purposefully directed its activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state, or purposefully derived benefits from its activities within the forum state. *Burger King Corp.*, 471 U.S. at 471-74 (1985).

5

The meaning of the minimum-contacts standard depends upon whether the forum asserts specific jurisdiction or general jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction refers to suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros*, 466 U.S. at 416.

Under the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(2), an Illinois court may exercise personal jurisdiction over a non-resident defendant "who in person or through an agent [engages in] [t]he commission of a tortious act within this State." *See Edelson*, 352 F.Supp.2d at 866. Where the injury alleged is economic in nature, rather than physical or emotional, however, "the plaintiff needs to show more than the 'harm was felt in Illinois,' the plaintiff must also show an 'intent to affect an Illinois interest.'" *Id.* at 867 (quoting *Real Colors, Inc. v. Patel*, 974 F.Supp. 645, 649 (N.D. Ill. 1997)); *see also Arthur Young & Co. v. Bremer*, 197 Ill.App.3d 30, 554 N.E.2d 671, 676 (1st Dist. 1990)). Plaintiffs do not and cannot show that Defendants in any way intended to affect any Illinois interest. Indeed, specifically with regard to Vitalis Partners, KC Development, Kenny Cruz and Larry Harmon, the only interaction with plaintiffs took place in California and related to California real property. There is no basis whatsoever for the Court to find that the actions reflect an intent to affect an Illinois interest – and plaintiffs have not pled in their complaint any facts to evidence any such intent. Indeed, even though plaintiffs have failed to allege jurisdictional facts to satisfy the *prima facie* showing of personal jurisdiction, the only facts plaintiffs do allege relate to harm allegedly felt by plaintiffs with no allegations that the harm was even felt in Illinois.

Illinois courts may also exercise jurisdiction where a defendant transacts "any business within this state." 735 ILCS 5/2-209(a)(1). Plaintiffs have not alleged any *business* transacted by any Defendant *in Illinois*. As stated above, the complaint contains only one allegation of any contact with the forum state when plaintiffs allege that defendant Larry Harmon would travel to Chicago to talk to Gordon. This one allegation is the sole allegation of any *activity* within the State of Illinois and falls short of even alleging that Harmon conducted *business* in Illinois. However, in reality, the vague nature of the allegation is telling. Visits to Illinois, alone, do not constitute *doing business* within the State of Illinois. *See, e.g., Concrete Detailing Services, Inc.*, 411 F.Supp. 1021 (S.D. N.Y. 1021). Accordingly, the Illinois long-arm statute does not provide a basis for jurisdiction over Defendants.

    a.    **Plaintiffs Fail To Allege Any Jurisdictional Facts Against Kenny Cruz, KC Development, Larry Harmon And Vitalis Partners To Establish Any Minimum Contacts With Illinois**

Plaintiffs' failure to allege sufficient facts to establish jurisdiction is fatal and cannot be remedied. Plaintiffs have sued an individual resident of California, Kenny Cruz, and an entity related to Cruz, KC Development, Inc. even though there are no allegations in the complaint of any relationship between Cruz or KC Development and any plaintiff involving, taking place in, or relating to Illinois in any way. The only relationship alleged between Defendants Cruz, KC Development, Vitalis Partners, Inc., Larry Harmon (individually) and plaintiffs specifically arises out of a promissory note (attached to the complaint as Exhibit A) executed in Rocklin, California, secured by property located in California, and containing provisions regarding enforcement of the agreement in California and a choice of law and venue provision each identifying California law and jurisdiction. No Illinois court would have any reason to exercise jurisdiction over Cruz, Harmon, Vitalis Partners or KC Development.

Particularly as to plaintiffs' first count for breach of contract against all Defendants, the complaint does not at all arise out of any contacts by Defendants in Illinois. Rather, all of plaintiffs' allegations against Vitalis Partners, KC Development and Kenny Cruz arise out of a promissory note secured by California property and entered into in Rocklin, California. Defendants have not had sufficient contacts with Illinois for the Court to find specific jurisdiction and plaintiffs have not met their burden of proving that the Court can exercise said jurisdiction. The Court does not have specific jurisdiction over these parties.

Furthermore, all of the Defendants, and most exceedingly Vitalis Partners, KC Development, Kenny Cruz and Larry Harmon, have not maintained continuous and systematic general business contacts with the forum to support the assertion of general jurisdiction as to any of the counts. Plaintiffs have not alleged sufficient facts to support a finding by this Court that Defendants are subject to general jurisdiction. Indeed, plaintiffs cannot allege or prove facts to support general jurisdiction over any of the Defendants. The Defendants are California citizens, doing business in California. General jurisdiction is not appropriate. Accordingly, and since the Court can find neither general nor specific jurisdiction over Defendants, the Court should dismiss the complaint for lack of personal jurisdiction in accord with the long-standing legal authority in the Seventh Circuit, Illinois state court, Illinois statutes and the Supreme Court.

   **b.**  **Plaintiffs' Allegations Against Larry Harmon & Associates Are Insufficient to Establish Minimum Contacts and Subjecting Larry Harmon & Associates to Jurisdiction in Illinois Would Violate Due Process**

Plaintiffs' allegations against Larry Harmon & Associates are equally fatal in their inability to establish *sufficient* contact with the forum state. In paragraph 16 of their complaint, plaintiffs merely allege that Larry Harmon "would travel to Chicago, Illinois to discuss certain investment opportunities and Mr. Gordon's fee arrangement with the Harmon Defendants with

8

Mr. Gordon." Plaintiffs do not claim that the alleged breaches occurred during the course of these alleged visits. Accordingly, plaintiffs cannot be understood to assert specific jurisdiction over Larry Harmon & Associates resulting from the alleged visits. In order for plaintiffs to establish that this Court has jurisdiction over Larry Harmon & Associates, they must convince the Court by a preponderance of the evidence that Larry Harmon & Associates has "continuous and systematic general business contacts" with the forum. *Helicopteros*, 466 U.S. at 416. Plaintiffs have no allegations in their complaint that could rise to this level of proof.

### 2. It Would Not Be "Fair, Just Or Reasonable" To Require Defendants To Defend This Action In Illinois

Due process in Illinois requires as follows: "Jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill.2d 244, 275, 565 N.E.2d 1302, 1316 (1990). Even if the Court finds general or specific jurisdiction over Defendants, the Court must still decline to exercise its jurisdiction if it violates Defendants' right to due process as required under the law.

Defendants in this case have not engaged in economic activities that have a substantial effect upon the people of the State of Illinois. It would not be "fair, just, and reasonable" for an Illinois court to assert *in personam* jurisdiction over Defendants who were engaged in real estate development and investments in California. *See Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 856-58, 747 N.E.2d 926, 946-48 (1st Dist. 2001). Accordingly, it would not be fair for this Court to assert jurisdiction over the Defendants as to the first count. Additionally, it would not be fair, just, and reasonable to assert jurisdiction over Larry Harmon and Larry Harmon & Associates because Gordon hired Larry Harmon & Associates knowing that the services would be provided

in California. Larry Harmon never had the expectation that Gordon would expect anything different. The second count, alleging breach of fiduciary duty, alleges actions that, if proven true, will have all taken place in California. For the most part, the alleged breaches relate to the same real property-related transaction at issue in the first count.

A further aspect of a Court's inquiry into personal jurisdiction is the nature of the relationship among "the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "This relationship must be such that it is reasonable to require a nonresident corporation to defend a suit in the forum state in the context of our federal system of government." *Deluxe Ice Cream*, 726 F.2d at 1213 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 at 292-93 (1980)). The entire performance under the promissory note was to be in California. Based on the nature of their alleged relationship with Gordon, Defendants Vitalis Partners, KC Development and Kenny Cruz cannot reasonably be forced to defend the litigation in Illinois as they had no reasonable expectation that they would ever be compelled to do so.

3. **Because Illinois State Courts Would Lack Jurisdiction Over Defendants, This Court Lacks Jurisdiction As Well and Must Dismiss the Complaint**

It is well established law that "[a] federal court's exercise of personal jurisdiction over a non-resident defendant is proper 'only if a court of the state in which it sits would have such jurisdiction.'" *Edelson v. Ch'ien*, 352 F.Supp.2d 861, 865-66 (N.D. Ill. 2005) (quoting *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995)); *see also Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir. 1984). This Court therefore has jurisdiction over this matter "'only if [an Illinois State Court] would have such jurisdiction.'" *Edelson*, 352 F.Supp.2d at 866 (quoting *Klump*, 71 F.3d at 1371). Because no Illinois court would have jurisdiction over

Defendants, neither does this Court and the Court should therefore dismiss the complaint for lack of personal jurisdiction.

## IV. CONCLUSION

Defendants respectfully request that the Court dismiss the complaint for lack of personal jurisdiction over Defendants because plaintiffs have failed to allege sufficient facts to support the finding of personal jurisdiction and cannot meet their burden to prove their grounds for personal jurisdiction over Defendants by a preponderance of the evidence.

WHEREFORE, Defendants Vitalis Partners, LLC, KC Development Company, LLC (erroneously sued herein as KCD Developments, LLC), Kenny Cruz, Larry Harmon and Larry Harmon & Associates, P.A. respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice and with costs and for such further relief as this Court deems just and appropriate.

VITALIS PARTNERS, LLC, LARRY HARMON & ASSOCIATES, P.A., KC DEVELOPMENT COMPANY, LLC, LARRY HARMON and KENNY CRUZ

By: /s/James K. Borcia
One of Its Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6807 |
| | ) |
| VITALIS PARTNERS, LLC; LARRY HARMON | ) Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, | ) |
| LLC; LARRY HARMON and KENNY CRUZ, | ) Magistrate Judge Ashman |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2007, I electronically filed **Defendants' Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

    James Davidson
    Spellmire & Sommer
    77 West Wacker Drive
    Chicago, IL  60601

        VITALIS PARTNERS, LLC, LARRY HARMON &
        ASSOCIATES, P.A., KC DEVELOPMENT COMPANY,
        LLC, LARRY HARMON and KENNY CRUZ

        By:___/s/James K. Borcia_____
            One of Its Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000