Aug-13-07 02:35pm From-PHELPS DUNBAR 5045688180 T-636 P.002/006 F-641
Jun 18 2007 1:44PM HP LASERJET FAX p.1
05-16-2004 05:52PM FROM-LARRY A. ASSOCIATED 0916 797 24.. T-427 P.002/004 F-004
Tel: (916) 797-2300 Fax (916) 797-2302



LARRY HARMON
& ASSOCIATES
*Innovative Tax Solutions*

May 16, 2004

Mr. Ben Gordon

Dear Ben:

This letter is to confirm and specify the terms of our engagement with you and to clarify the nature and extent of the services we will provide (for your convenience, we have attached a partial listing of our menu of services).

We will provide detailed financial and tax consulting services for the duration of your playing career in the National Basketball Association ("NBA"). As discussed with your agent representative, we provide a comprehensive financial model and plan for managing our professional athlete client's finances for today and well into the future. Our intent is to work with our clients to ensure that they are financially secure for the duration of their lives and plan for the "passing" of such wealth for many generations to come.

Based on your current draft projections, as well as our understanding of the level of endorsement revenue that may be available to you, we are confident that through our unique tax and financial planning process we can save you monies well in excess of any fees you may pay us. It is always our position that we "pay for our ourselves."

As mentioned above, we offer a wide menu of services to all of our athlete clients (see menu of services attached), with the intent of being involved in every financial decision with our clients so that we can appropriately gain any tax and /or financial advantage or savings on such expenditure or purchase. Based on our understanding of what your financial picture could be, our estimated fees for our services are as follows:

1. Year 1 (commencing with the execution of this agreement) - $4,000 per month, plus out of pocket expenses (this represents a 33.33% discount of our fees for year 1 that we offer all new rookie clients).

2. Year 2 - $5,000 per month, plus out of pocket expenses. This amount represents a 16.67% discount of our fees that we offer all new rookie clients.

3. Year 3 and Year 4 (assuming team exercises it's option for Year 4) - $6,000 per month, plus out of pocket expenses.

4100 Douglas Blvd. - Suite 306 - Granite Bay - CA 95746



PLAINTIFF'S
EXHIBIT
A

Please understand that our fee schedule will be finalized upon the completion of the NBA draft when we have a better understanding of what services you will need.

Our fee for these services will be based upon the amount of actual time spent on your account at standard billing rates plus out-of-pocket expenses. All invoices are due and payable upon presentation.

After your rookie contract, we will evaluate the amount of work that we have performed on your account and provide you with a new engagement letter at that time.

By becoming a client of Larry Harmon & Associates, we have agreed to offer you a temporary line of credit (please see separate documentation enclosed) that will be available to you upon execution of this agreement.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of this letter in the space indicated and return it to our office.

We want to express our appreciation for this opportunity to work with you and look forward to a long-term relationship with you. If you have any questions, please do not hesitate to call me at (916) 797-2300 or on my cell phone at (916) 716-9060.

Sincerely,

[signature]

Larry W. Harmon, CPA
President/CEO – Larry Harmon & Associates

Accepted By: [signature]

Printed Name: Ben Gordon

Date: 5/17/04

Witness: _____

Agent's Signature: _____

# PROMISSORY NOTE

$1,000,000.00      Date of Note: __February 12, 2007__
                   Place of Execution: __Rocklin, CA 95765__

**PROMISE TO PAY:** For value received, Vitalis Partners, LLC ("Vitalis") and it's Partners, Larry Harmon & Associates, P.A. and KCD Development, LLC along with its shareholders Larry Harmon and Kenny Cruz ("Borrower") promises to pay to the order of G7 Development, Inc. and/or its related entities or shareholder, BG4, Inc. and Ben Gordon ("Lender"), the principal sum of monies borrowed of One Million Dollars ($1,000,000) plus interest from the date hereof, with principal being payable in lawful currency of the United States of America in immediately available funds.

**INTEREST:** Prior to the occurrence of default or an event of default hereunder, interest shall accrue on the outstanding balance of this Note at the rate of Seventeen and a Half Percent (17.5%).

**PAYMENT:** Borrower agrees to pay 5% per annum monthly interest payments in the amount of $4,167.67 per month by the fifth (5th) of each month, with the remaining 12.5% of the interest due at the expiration of this note, being twenty four (24) months after the duly executed agreement. Both parties agree that an additional extension of time of up to twelve (12) months can be granted on such note. In the event that such extension is granted, then the original provisions of this note will extend for no longer than 12 months, or at which time borrower pays off the principal amount due, plus any outstanding accrued interest.

**PREPAYMENT:** Borrower may not prepay within the first twenty four (24) months of such note, as Borrower is guaranteeing such interest to Lender for a period of twenty four (24). In the event that both parties mutually agree to have such loan paid in advance, then such agreement would be covered in a separately executed agreement.

**COLLATERAL:** To secure the indebtedness evidenced by this Note, Borrower hereby assigns and grants to Lender a security interest in the following described property now owned or hereafter acquired by Borrower (the "Collateral"):

A secondary security interest will be assigned to borrower on the project now known as Vitalis' South Bonnyview project to include approximately 22 acres in the Churn Creek

1

PLAINTIFF'S EXHIBIT B

Area of Redding, California. Lender acknowledges that it has been provided with detailed information about such project including land maps, project site and project details. In the event that there are any changes to lot lines due to the development by Vitalis, Lender will be provided with updated information at that time.

**DEFAULT:** Borrower will be in default if Borrower fails to make any payment within forty five (45) days of its due date. A late charge in the amount of three percent (3%) of any payment required to be made hereunder shall be imposed on each such payment not received by the Lender within fifteen (15) days after it is due. The late charge is not a penalty, but liquidated damages to defray administrative and related expenses due to such late payment. The late charge shall be immediately due and payable and shall be paid by the Borrower to Lender without notice or demand.

**EXPENSES:** All parties liable for the payment of this Note agree to pay the Lender all costs incurred by it in connection with the collection of this Note. Such costs include, without limitation, fees for the services of counsel and legal assistants (including bankruptcy counsel fees and expenses) employed to collect this Note, whether or not suit be brought, and whether incurred in connection with collection, trial, appeal or otherwise.

**LENDER'S RIGHTS:** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid costs and fees immediately due, without notice, and then Borrower will pay that amount. Upon default, or if this Note is not paid at final maturity, Lender, at its option, may add any unpaid accrued costs and fees to principal and such sum will bear interest thereafter until paid at Eighteen Percent (18%) (the "Default Rate").

**RIGHT OF SETOFF:** Borrower authorizes Lender, to the extent permitted by applicable law, to charge, withdraw, or setoff all sums owing on this Note against any amount owed by Lender to Borrower.

**GENERAL PROVISIONS:** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intent to contract for, charge, collect, take, reserve, or receive (collectively referred to herein as "charge or collect") any amount in the nature of interest or in the nature of a fee for this loan that would in any way or event (including demand prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of California (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance due under this Note, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guaranties, or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest, and notice of dishonor, and all other demands and notices in connection with the delivery, acceptance, performance, default, or enforcement of this Note. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this

2

Note, whether as maker, guarantor, accommodation maker, or endorser, shall be released from liability. This Note constitutes the entire understanding and agreement of the parties as to the matters set forth in this Note and supersedes all prior understandings and correspondence, oral or written, with respect to the subject matter hereof. No alteration of or amendment to this Note shall be effective unless given in writing and signed by Lender. When this Note becomes due, by default, demand or maturity, Lender may, at its option, demand, sue for, collect, or make any compromise or settlement it deems desirable with reference to any collateral pledged or granted for this Note.

**TAXES; GOVERNING LAW.** Borrower agrees to be responsible for the payment of all taxes incurred by Lender in connection with this Note. Borrower hereby agrees that this Note shall be governed by the laws of the State of California without regard to conflicts of law principles, that venue for any dispute arising under this Note shall be Placer County, State of California and Borrower hereby consents to personal jurisdiction in Placer County.

PRIOR TO SIGNING THIS NOTE, BORROWER HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

By: _____  _____  2/12/07
Larry W. Harmon, Member      Kenny Cruz, Member         Date
Vitalis Partners, LLC         Vitalis Partners, LLC

By: _____  2/12/07
Larry W. Harmon, President    Date
Larry Harmon & Associates, P.A.

By: _____  2/12/07
Kenny Cruz, Managing Member   Date
KC Development Co., LLC

By: _____  2/12/07
Larry W. Harmon, Individually Date

By: _____  2/12/07
Kenny Cruz, Individually      Date

3

Aug-13-07 02:35pm From-PHELPS DUNBAR +5045669301 T-836 P.006/008 F-841

Jul 25 2007 11:39AM  HP LASERJET FAX                                       P.4
Jul-24-2007 02:38PM  FROM-LARRY HARMON & ASSOCIATES  +916 787 5024  T-121  P.004/004  F-425

By: _____
    Ben Gordon, President           Date
    G7 Development, Inc.

By: _____
    Ben Gordon, President           Date
    BG4, Inc.

By: _____
    Ben Gordon, Individually        Date

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC.<br><br>Plaintiff,<br><br>vs.<br><br>VITALIS PARTNERS, LLC; LARRY HARMON & ASSOCIATES, P.A.; KCD DEVELOPMENTS, LLC; LARRY HARMON; and KENNY CRUZ<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

James W. Davidson, being first duly sworn on oath, deposes and states as follows:

1. I am one of the attorneys for Plaintiffs in this cause.

2. The total amount of money damages sought in this cause exceeds $50,000.

Further, affiant sayeth naught.

_____
James W. Davidson

Subscribed and sworn to before me
this 19th day of September, 2007.

_____
Notary Public

"OFFICIAL SEAL"
FELICIA GRACE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/28/2010