JKB/do/425457                                                                8190-1-51

**UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 07 C 6807 |
| ) | |
| VITALIS PARTNERS, LLC; LARRY HARMON ) | Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, ) | |
| LLC; LARRY HARMON and KENNY CRUZ, ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, Vitalis Partners, LLC, Larry Harmon & Associates, P.A., KC Developments, LLC, Larry Harmon and Kenny Cruz, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby submit their Reply in support of their Motion to Dismiss:

### I.    INTRODUCTION

Plaintiffs' response in opposition to the motion to dismiss filed by defendants Vitalis Partners, LLC, KC Developments, LLC (erroneously sued herein as KCD Developments, LLC), Kenny Cruz, Larry Harmon and Larry Harmon & Associates, P.A. ("Larry Harmon & Associates") (collectively, "Defendants") fails to address the inadequacy of Plaintiffs' complaint and seeks to have this Court exercise jurisdiction over the Defendants without establishing that such jurisdiction is proper and by over-simplifying Illinois law.  Plaintiffs' response asserts numerous facts not alleged in the complaint in an attempt to establish jurisdiction.  These assertions may not be considered.  Further, the law in this Circuit is not so simple as to allow jurisdiction over Defendants merely based on the entry into a contractual relationship.  Plaintiffs have not pled enough facts for the Court to establish jurisdiction over the Defendants.

Defendants reiterate their prayer that the Court dismiss the action filed against them by Plaintiffs for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP").

## II.  LEGAL ARGUMENT

A.  **Plaintiffs' Response In Opposition Contains Facts Not Alleged In The Complaint Which Should Not Be Considered In Determining Whether Plaintiffs Satisfied Their Prima Facie Burden To Establish Personal Jurisdiction Over Defendants.**

Plaintiffs' assertions to the contrary in response to Defendants' motion to dismiss notwithstanding, the face of the complaint makes clear that Plaintiffs have not sufficiently pled facts to support a finding of personal jurisdiction over Defendants. Plaintiffs have attempted to confuse the Court by including in their response additional facts not alleged in the complaint. However, the Court should only review the facts as they are alleged in the complaint to determine whether Plaintiffs have satisfied their *prima facie* burden of proving that the Court can exercise jurisdiction over Defendants. In drafting their motion, Defendants focused their recitation of the facts on the facts as alleged in the complaint and urge the Court to review the complaint to determine whether Plaintiffs have alleged sufficient facts.

B.  **Plaintiffs Must Allege More Than The Existence Of A Contract With An Illinois Party To Establish The Requisite Minimum Contacts To Support A Finding Of Specific Jurisdiction.**

Plaintiffs have oversimplified the interpretation of Illinois' long-arm statute relating to contractual relationships. Under Plaintiffs' analysis, simply by entering into a contractual relationship with Plaintiffs, the long-arm statute renders each of the Defendants having submitted to jurisdiction where the other contracting party resides. Plaintiffs are mistaken. This Court has held that in contract cases there are far more steps than the simple determination of whether out of state parties, entering into contracts with Illinois parties, have submitted to jurisdiction. "An out-of-state party's contract with an in-state party 'is alone not enough to establish the requisite

2

minimum contacts. Rather, prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must indicate the personal availment that makes litigating in the forum state foreseeable to the defendant.'" *Sungard Data Systems, Inc. v. Central Parking Corporation*, 214 F.Supp.2d 879, 881 (N.D. Ill. 2002) (quoting *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir.1997)). In *Sungard*, the Court disposed of numerous summary allegations similar to those alleged by Plaintiffs here as failing to establish jurisdiction including "simply 'making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction.'" *Id.*

Plaintiffs' reliance on *Continental Bank, N.A. v. Everett*, 964 F.2d 701 (7th Cir. 1992), and *Kalata v. Healy*, 312 Ill.App.3d 761, 728 N.E.2d 648 (1st Dist. 2000), is misguided. In *Continental Bank*, the Court found the requisite minimum contacts where a nonresident defendant guaranteed a loan *with an Illinois bank*, the loan documents were delivered to *and executed* in Illinois, the loan was to be repaid in Illinois and the guarantors agreed that Illinois law would govern. *Id.* at 703. No similar facts are alleged by Plaintiffs here. Just as in *Sungard*, this Court should not permit Plaintiffs to rely on *Continental Bank* absent sufficient facts to draw the correlation. In *Sungard*, the Court considered the place of execution of the contract to be of importance in considering the jurisdictional motion. *Sungard Data Systems, Inc. v. Central Parking Corporation*, 214 F.Supp.2d 879, 881 (N.D. Ill. 2002). It is undisputed in the current matter that the parties executed the contract in California. Not only did they execute the agreement in California, but also they negotiated provisions whereby the parties agreed that the borrowers could be brought to court in California and that California law would apply. Furthermore, just as in *Sungard*, "the contract here was not 'substantially connected' to Illinois. *Id.* at 882. Even under *Kalata v. Healy*, 312 Ill.App.3d 761, 728 N.E.2d 648 (1st Dist. 2000), the

contract must have been substantially connected to Illinois.[1] The undisputed purpose of the contract on which Plaintiffs here base their claim was for financing related to the development of real estate in California. Defendants were solely conducting business in California, relating to California real property. "'The question is whether [the defendant] was transacting business in Illinois, not whether [the plaintiff], the Illinois resident, was.'" *Sungard,* 214 F.Supp.2d at 883 (internal citations omitted).

The other authority cited by Plaintiffs can be similarly distinguished. Plaintiffs rely on *Autotech Controls Corp. v. K.J. Electric Corporation,* 256 Ill.App.3d 721, 628 N.E.2d 990 (1st Dist. 1993) even though in that case the defendants were purchasing products from the plaintiff and plaintiff manufactured and distributed the products from Illinois, and defendant paid plaintiff for approximately 2 ½ years by mailing checks to Illinois. The distributor agreement there further provided that repairs for the products were to be made in Illinois. The instant case is quite distinguishable in that Plaintiff Gordon entered into a contractual relationship with Defendants in California whereby Gordon's funds would be used to invest in real estate located in California. There was never any expectation by Defendants that they could be haled into Illinois courts because their contractual relationship with Gordon dealt directly with matters all arising in California. In fact, Defendants had no reasonable expectation that they could be subject to this Court's jurisdiction based on the inclusion of forum selection and choice of law provisions in the promissory note, which was California.

Throughout the *Autotech* opinion, the court focused on a number of factors relating to activity within Illinois. In particular, the court addressed the manufacturing of the products in

---

[1] Moreover, unlike here, the plaintiff in *Kalata* alleged that defendant called her on numerous occasions while she was in Illinois from California in an attempt to persuade her to form a joint venture and invest money in various projects, and also mailed her bank documents from California to Illinois which plaintiff relied on in sending the $100,000 to defendant. *Kalata,* 728 N.E.2d at 650-53.

Illinois by Illinois workers, and the billing and warranty work to be performed in Illinois, as well as the maintenance of the contractual relationship over time. *Id.* The court also held that "defendant had fair warning that it may be required to defend itself in Illinois." *Id.* at 725. There is no basis for this Court to determine that such fair warning exists in the instant case. Plaintiffs have not alleged sufficient facts to support such a finding, and such facts do not exist. Indeed, the reality is quite the opposite. Defendants entered into the promissory note in California and the promissory note, by its terms, dealt with property located in California and contained choice of law and jurisdiction provisions specifically related to California. Furthermore, even Plaintiff Gordon's connection to Illinois is short-lived and could, conceivably, cease on a moment's notice. As a professional athlete, Plaintiff Gordon could be traded to another team, could return to his home state due to injury or other circumstances leading to his no longer playing for the Chicago Bulls. At the time the parties entered into the promissory note, there was no expectation that Plaintiff Gordon's residency or presence in Illinois was stable or permanent. Unlike other businesses, Plaintiffs are a moving target and would essentially claim that anyone contracting with any entity related to Plaintiff Gordon would be susceptible to whatever jurisdiction Gordon chooses. Such a proposition makes no sense, and is unsupported by Illinois law. In fact, as previously stated, the presence of the plaintiff should not be determinative in isolation.

Plaintiffs have attempted to oversimplify the law without acknowledging their failure to reconcile the terms of the promissory note regarding forum selection and choice of law, without addressing the lack of jurisdictional facts and allegations in the complaint, and without any explanation as to how defendants Kenny Cruz, KC Developments, Vitalis Partners, Larry Harmon or Larry Harmon & Associates entered into a contract that was substantially connected with Illinois as to the first count.

C. **Plaintiffs Have Still Failed To Meet Their Burden of Demonstrating that the Court's Exercise of Personal Jurisdiction Over Defendants Is Proper.**

Plaintiffs do not dispute that they bear the burden of demonstrating that the court's exercise of personal jurisdiction over a defendant is proper. *George S. May Intern. Co. v. Xcentric Ventures, LLC*, 409 F.Supp.2d 1052 (N.D. Ill. 2006) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). Although Plaintiffs argue that they have done so, in fact, Plaintiffs have failed to allege facts in their complaint sufficient to establish that this Court, or any court in Illinois, has jurisdiction over Defendants.

A court conducting a federal due process analysis must consider whether (1) the nonresident defendant had minimum contacts with the forum state such that there was fair warning that the nonresident defendant may be hailed into a forum court, (2) the action arose out of or was related to the defendant's contacts with the forum state, and (3) it is reasonable to require the defendant to litigate in the forum state. *Burger King Corp.*, 471 U.S. at 471-77.

The minimum-contacts and fair-warning requirements are satisfied only if the defendant has purposefully directed its activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state, or purposefully derived benefits from its activities within the forum state. *Burger King Corp.*, 471 U.S. at 471-74 (1985). Plaintiffs make numerous general accusations in their response while they fail to reconcile the lack of allegations in their complaint to satisfy any of the requirements under the law under general or specific jurisdiction.

D. **Plaintiffs Do Not Dispute That Jurisdiction Is Not Found Under Section 2-209(a)(2) And Fail To Establish That They Properly and Adequately Alleged Jurisdiction Under Any Other Section**

In alleging only that their jurisdiction argument is based on select sections of the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(1), (a)(7) and (c), Plaintiffs acknowledge that they are not asking this court to exercise personal jurisdiction over a non-resident defendant "who in person or through an agent [engages in] [t]he commission of a tortious act within this State." *See Edelson v. Ch'ien,* 352 F.Supp.2d 861, 866 (N.D. Ill. 2005). However, Plaintiffs' decision to focus on subsection (a)(1) and (a)(7) of the Illinois long-arm statute notwithstanding, Plaintiffs have still failed to allege enough of a link to establish the requisite connection between Defendants and the forum state. Consistent within each of the provisions of the long-arm statute is the requirement that Plaintiffs establish a connection to the forum state. Plaintiffs do not and cannot show that Defendants in any way intended to affect any Illinois interest. Indeed, specifically with regard to Vitalis Partners, KC Developments, Kenny Cruz and Larry Harmon, the only interaction with Plaintiffs took place in California and related to California real property. There is no basis whatsoever for the Court to find based upon the allegations in Plaintiffs' Complaint that the actions reflect an intent to affect an Illinois interest, that Defendants conducted business within Illinois or that any contracts were substantially connected with Illinois – and, once again, Plaintiffs have not pled in their complaint any facts to evidence any such intent.

As stated in Defendants' motion, the complaint contains only one allegation of any contact with the forum state when Plaintiffs allege that defendant Larry Harmon would travel to Chicago to talk to Gordon. This one allegation is the sole allegation of any *activity* within the State of Illinois and falls short of even alleging that Harmon conducted *business* in Illinois. The fact that Plaintiffs felt the need to include additional facts in their response is telling. Clearly

they acknowledge that the complaint failed to allege sufficient facts. Accordingly, the Illinois long-arm statute does not provide a basis for jurisdiction over Defendants.

E. **Plaintiffs Cannot Reconcile Their Failure To Allege Facts Sufficient To Find Jurisdiction Over Kenny Cruz And KC Development, Inc.**

Plaintiffs' response contains a tenuous attempt to justify the finding of jurisdiction over Kenny Cruz, an individual resident of California, KC Development, Inc. even though there are no allegations in the complaint of any relationship between Cruz or KC Development, Inc. and any plaintiff involving, taking place in, or relating to Illinois in any way. As identified in the motion, the only relationship alleged between Defendants Cruz, KC Development, Vitalis Partners, Inc., Larry Harmon (individually) and Plaintiffs specifically arises out of a promissory note (attached to the complaint as Exhibit A) executed in Rocklin, California, secured by property located in California, and containing provisions regarding enforcement of the agreement in California and a choice of law and venue provision each identifying California law and jurisdiction. Plaintiffs' allegations in their response, not found in the complaint, are simply meant to confuse the Court into ignoring the pled facts in favor of Plaintiffs' rhetorical questions as to the logical relationship between the Defendants. There is no law to support such an analysis and there is no reason why the Court should need to draw any "reasonable inferences" when the complaint simply lacks necessary allegations.

F. **Plaintiffs Do Not Allege Facts In Their Complaint Sufficient To Establish General Jurisdiction Over Larry Harmon & Associates or Larry Harmon**

Plaintiffs do not sufficiently establish in their response that their allegations contained in their complaint against Larry Harmon & Associates are adequate to establish *sufficient* contact with the forum state. Plaintiffs cannot reconcile the fact that their sole allegation in the

complaint regarding Larry Harmon's contact with the forum state is contained in paragraph 16 of their complaint, where Plaintiffs merely allege that Larry Harmon "would travel to Chicago, Illinois to discuss certain investment opportunities and Mr. Gordon's fee arrangement with the Harmon Defendants with Mr. Gordon." In their response, Plaintiffs found it necessary to provide additional facts to support their claim of jurisdiction, but doing so in a brief does not remedy the failure to plead said facts. *Alioto,* 77 F.3d at 936. Furthermore, whether the alleged visits even occurred, Plaintiffs do not claim that the alleged breaches occurred during the course of these alleged visits. Plaintiffs essentially acknowledge that they are asserting general jurisdiction over Larry Harmon and Larry Harmon & Associates. In order for Plaintiffs to establish that this Court has jurisdiction over Larry Harmon & Associates, they must convince the Court by a preponderance of the evidence that Larry Harmon & Associates has "continuous and systematic general business contacts" with the forum. *Helicopteros,* 466 U.S. at 416. Plaintiffs have no allegations in their complaint that could rise to this level of proof and Plaintiffs do not explain their failure to allege such facts in their response. Once again, Plaintiffs use rhetorical questions to brush off the important determination this Court must make in ascertaining whether general jurisdiction applies. For example, Plaintiffs assert that Defendants' argument is "ridiculous" because they reached out to "a professional basketball player and public figure who lives and works in Illinois". (Response at 7). However, Plaintiffs ignore their own assertion that the Harmon Defendants reached out to and eventually entered into an agreement with Gordon on May 17, 2004, more than one month before Gordon was drafted by the Chicago Bulls and prior to any connection Plaintiffs had with Illinois. (Response at 2-3). Throughout their response, Plaintiffs take a mocking approach to Defendants' motion, but at the same time fail to provide any explanation as to why they could not properly plead the jurisdictional facts.

## IV. **CONCLUSION**

Defendants reiterate their prior request that the Court dismiss the complaint for lack of personal jurisdiction over Defendants because Plaintiffs have failed to allege sufficient facts to support the finding of personal jurisdiction and cannot meet their burden to prove their grounds for personal jurisdiction over Defendants by a preponderance of the evidence.

WHEREFORE, Defendants, Vitalis Partners, LLC, Larry Harmon & Associates, P.A., KC Developments, LLC, Larry Harmon and Kenny Cruz respectfully request this Court dismiss Plaintiff's Complaint and for such further relief that this Court deems just and appropriate.

                                        VITALIS PARTNERS, LLC, LARRY HARMON &
                                        ASSOCIATES, P.A., KC DEVELOPMENTS, LLC,
                                        LARRY HARMON and KENNY CRUZ


                                        By:   /s/James K. Borcia
                                               One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6807 |
| | ) |
| VITALIS PARTNERS, LLC; LARRY HARMON & ASSOCIATES, P.A.; KCD DEVELOPMENTS, LLC; LARRY HARMON and KENNY CRUZ, | ) Judge Kocoras |
| | ) |
| | ) Magistrate Judge Ashman |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2008, I electronically filed **Defendants' Reply in Support of Their Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

> James Davidson
> Spellmire & Sommer
> 77 West Wacker Drive
> Chicago, IL  60601

> VITALIS PARTNERS, LLC, LARRY HARMON & ASSOCIATES, P.A., KC DEVELOPMENT COMPANY, LLC, LARRY HARMON and KENNY CRUZ

> By:   /s/James K. Borcia
>         One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000