DOY/325866                                                                                              8190-1-51

**UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6807 |
| | ) |
| VITALIS PARTNERS, LLC; LARRY HARMON | ) Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, | ) |
| LLC; LARRY HARMON and KENNY CRUZ, | ) Magistrate Judge Ashman |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

Defendant/Counter-Plaintiff, Larry Harmon & Associates, P.A., by and through its attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby submits its Response to Plaintiffs' Motion to Dismiss Counterclaim.

### I.     INTRODUCTION

Plaintiff Ben Gordon and Defendant Larry Harmon & Associates, P.A. ("LH&A) entered into a Consulting Agreement ("the Agreement") pursuant to which LH&A agreed to act as Gordon's financial advisor for the duration of his playing career in the NBA.  Gordon, who is still an active NBA player, attempted to prematurely terminate the Agreement.

After Plaintiffs filed this lawsuit against numerous Defendants, including LH&A, LH&A filed a Counterclaim against Gordon for damages resulting from Gordon's breach of the Agreement.  Gordon now moves to dismiss the Counterclaim, arguing that he had the right to terminate the Agreement at any time without cause.  While Gordon may have had the power to terminate LH&A's authority to act as his consultant, he is still subject to a claim for damages for this his breach of the Agreement.  Consequently, Plaintiffs' motion to dismiss should be denied.

## II. STANDARDS

When a district court reviews the sufficiency of a complaint under Rule 12(b)(6), it must take the allegations of the complaint as true and give the plaintiff the benefit of all inferences. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Caremark*, 113 F.3d at 648, *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Caremark*, 113 F.3d at 648.

Although district courts must apply the foregoing federal procedural law, this Court, which is sitting in diversity, must analyze Plaintiffs' motion to dismiss in accordance with state substantive law.

## III. ARGUMENT

### A. While A Principal May Have The Power To Terminate An Agent's Authority, The Agent May Still Have A Claim For Damages

Plaintiffs (sic) move to dismiss Defendants' (sic)[1] Counterclaim on the grounds that Plaintiffs have the absolute right to terminate a fiduciary relationship at any time. In support of this argument, Plaintiffs cite to numerous cases involving attorney-client relationships. While it is true that a client may discharge an attorney at any time with or without cause, there is a "unique relationship between attorney and client." *Fracasse v. Brent*, 6 Cal.3d 784, 790 (1972). Plaintiffs attempt to assimilate the attorney-client relationship with all fiduciary relationships is

---

[1] Although the Counterclaim was filed only by LH&A against Gordon, the motion is erroneously brought on behalf of all Plaintiffs against all Defendants.

misguided. To extend the rule that a client can discharge an attorney at will and apply it to the consulting agreement between Gordon and LH&A is improper and without any legal basis.

Since the relationship here is not one of an attorney and client, the proper law to apply is one of a principal and agent relationship. An agency is a consensual fiduciary relationship where the principal has the right to control the activities of the agent and the agent has the power to conduct legal transactions in the principal's name. *Health Cost Controls v. Sevilla,* 365 Ill.App.3d 795, 850 N.E.2d 851 (1st Dist. 2006). One who undertakes to manage the affairs of another on the authority and for the account of the latter is an agent. *Eychamer v. Gross,* 202 Ill.2d 228, 779 N.E.2d 1115 (2002). The Consulting Agreement establishes an agency relationship between Gordon and LH&A.

The agency relationship between Gordon and LH&A contained a definite duration. Gordon agreed to hire LH&A to act as his consultant for the duration of his NBA playing career. Some courts have held that a principal has the power to revoke an agency at any time, even when the parties have contracted for a specific period. *Real Estate Group, Inc. v. Sargent,* 684 F.Supp. 1445, 1447 (N.D. Ill. 1988). However, what Gordon ignores in his motion is that this power does not equate to a right to revoke the agency without potential legal consequences. When a "principal has entered into a binding contract to continue the employment for a certain length of time, he cannot revoke the broker's agency, unless it be for misconduct, without rendering himself legally liable for such damages as are the proximate result of his act. While the law recognizes his power to revoke the broker's authority even under such circumstances it does not recognize his right to do so, for it results in a repudiation of his contractual obligations." *Kenilworth Realty Co. v. Sandquist,* 56 Ill.App.3d 78, 371 N.E.2d 936, 939 (1st Dist. 1997), *quoting Nicholson v. Alderson,* 347 Ill.App. 496, 107 N.E.2d 39 (2nd Dist. 1952). *See also*

*Apollo Technologies v. Centrosphere Indus.,* 805 F.Supp. 1157 (D. N.J. 1992) (agent may maintain an action against principal for termination of agent's authority); *Strategis Asset Valuation & Mgt. v. Pacific Mut.,* 805 F.Supp. 1544, 1550 (D. Colo. 1992) (while a principal has the power to terminate an agent's authority, the termination may breach its contract with the agent, subjecting the principal to a claim for damages). California law also leads to an identical result. A principal who employs an agent always retains the power to revoke the agency. *Woolley v. Embassy Suites, Inc.,* 227 Cal.App.3d 1520, 1529 (1st Dist. 1991). While the agent cannot prevent the termination, the agent's remedy for wrongful termination is damages, as it is with any other breach of contract action. *Id.* at 1530. The question of whether the contract was terminated with or without legal justification presents a jury issue that cannot be determined in the context of a motion to dismiss. *Kenilworth Realty Co.,* 371 N.E.2d at 940. Since Gordon terminated the Agreement while he was still an active NBA player, LH&A is entitled to seek damages as a result of the premature termination of the Agreement.

### B. The Case Law Cited By Plaintiffs Does Not Support Dismissal

The case law cited by Plaintiffs in their motion does not support dismissal. These cases merely stand for the proposition that a principal has the *power* to terminate an agent, but do not stand for the proposition that a principal has the legal right to terminate the agent, or that the principal may not be subject to a claim for damages for wrongful termination. As the court stated in *Woolley,* although termination cannot be prevented by the agent, the agent's remedy for wrongful termination is damages, as in any other breach of contract action. *Woolley,* 227 Cal.App.3d at 1529.

The attorney-client cases cited by Plaintiffs, which courts have noted offer a unique relationship, are further distinguishable, as there is no attorney-client relationship involved in this

case. Further, the *Fracasse* case cited by Plaintiffs did not involve a contract for a set duration, as exists here. Also, in *Fracasse,* the court declared that despite the client's right to terminate his counsel, the attorney was still entitled to be compensated for the reasonable value of his services. *Fracasse,* 6 Cal.3d at 792.

The *Beacon Hill* case prominently cited by Plaintiffs also involved a far different fact scenario than what is presented here. There bond issuers sued to end their portfolio manager's management of assets, and the issue was whether the court should enter an injunction effectively allowing the issuers to terminate their agent manager. Plaintiffs here omit from their response the fact that the court there denied the motion for injunctive relief, based on the issuer's failure to show likelihood of success on the merits in their claim that they had a right to terminate the manager.

### III.   CONCLUSION

LH&A entered into a Consulting Agreement with Gordon wherein Gordon agreed that LH&A would act on his behalf for the duration of his NBA career. This Agreement established an agency relationship between the parties. Gordon terminated his relationship with LH&A while he was still active in the NBA. While Gordon may have had the power to terminate LH&A's ability to act as his agent, this does not mean that Gordon's actions were without potential legal consequences. LH&A has properly alleged a claim seeking money damages resulting from Gordon's premature termination of the Agreement. The Agreement contained a definite duration for the length of the agency. Therefore, Plaintiffs' motion to dismiss the Counterclaim must be denied.

WHEREFORE, Defendant/Counter-Plaintiff, Larry Harmon & Associates, P.A. respectfully requests this Court deny Plaintiffs' Motion to Dismiss its Counterclaim and for such further relief that this Court deems just and appropriate.

                            LARRY HARMON & ASSOCIATES, P.A

                            By:   /s/James K. Borcia
                                 One of Its Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 6807 |
| | ) |
| VITALIS PARTNERS, LLC; LARRY HARMON | ) Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, | ) |
| LLC; LARRY HARMON and KENNY CRUZ, | ) Magistrate Judge Ashman |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed **Defendants' Response to Plaintiffs' Motion to Dismiss Counterclaim** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

James Davidson
Spellmire & Sommer
77 West Wacker Drive
Chicago, IL  60601

VITALIS PARTNERS, LLC, LARRY HARMON &
ASSOCIATES, P.A., KC DEVELOPMENT COMPANY,
LLC, LARRY HARMON and KENNY CRUZ

By:___/s/James K. Borcia_____
One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000