DOY/329015                                                                                                                                           8190-1-51

## UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC. and BG4, INC., | ) |
|         Plaintiffs, | ) |
| v. | ) Case No. 07 C 6807 |
| VITALIS PARTNERS, LLC; LARRY HARMON & ASSOCIATES, P.A.; KCD DEVELOPMENTS, LLC; LARRY HARMON and KENNY CRUZ, | ) Judge Kocoras<br>) Magistrate Judge Ashman |
|         Defendants. | ) |

### LARRY HARMON AND LARRY HARMON & ASSOCIATES, P.A.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTS II, III AND IV OF DEFENDANT'S COUNTERCLAIM

Defendants/Counter-Plaintiffs, Larry Harmon and Larry Harmon & Associates, P.A., by and through their attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, hereby submit their Response to Plaintiffs' Motion to Dismiss Counts II, III and IV of Defendants' Counterclaim.

### I.   INTRODUCTION

Plaintiff Ben Gordon ("Gordon") and Defendants Larry Harmon and Larry Harmon & Associates, P.A. (collectively referred to as "Harmon") entered into a Consulting Agreement ("the Agreement") pursuant to which Harmon agreed to act as Gordon's financial advisor for the duration of his playing career in the NBA. Gordon, who is still an active NBA player, attempted to prematurely terminate the Agreement. Gordon filed this lawsuit against Harmon, alleging breach of contract and breach of fiduciary duty. In response to Plaintiffs' Amended Complaint, Harmon filed a four count Counterclaim.

Count I of the Counterclaim alleges breach of contract against Gordon. Count II alleges defamation, Count III commercial disparagement and Count IV tortious interference with

prospective business advantage. Count I is the subject of another motion to dismiss that is fully briefed and will not be discussed further here. Gordon argues in his motion to dismiss Counts II, III and IV that Harmon fails to state a claim with enough specificity for those actions. For the following reasons, Gordon's motion should be denied.

## II. ARGUMENT

### A. Legal Standard

Federal courts are required to determine the sufficiency of a complaint under a notice pleading standard. When a district court reviews the sufficiency of a complaint under Rule 12(b)(6), it must take the allegations of the complaint as true and give the plaintiff the benefit of all inferences. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*, citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.*

Although district courts must apply the foregoing federal procedural law, this Court, which is sitting in diversity, must analyze Plaintiffs' motion to dismiss in accordance with state substantive law. Gordon argues in his motion to dismiss that California substantive law should apply to Harmon's claims.

### B. Count II - Defamation

Count II states a claim for defamation against Gordon. The tort of defamation requires an intentional publication of a statement of fact, which is false, unprivileged, and has a natural tendency to injure or cause special damage. *Ringler Associates Inc. v. Maryland Casualty Co.,*

2

80 Cal. App.4th 1165, 1179 (Cal.App. 2000). All of these elements are sufficiently pled in Harmon's Counterclaim.

Harmon alleges that Gordon made false and defamatory statements about Harmon in his Complaint and to third parties. (Counterclaim, ¶¶ 16-17). In their Counterclaim, Harmon refers to the statements made by Gordon accusing Harmon of defrauding Gordon of his money, lying to him about investment deals and other harmful conduct. Not only does Harmon allege that Gordon made these statements in his pleading but Harmon also alleges that Gordon communicated them to others.

Despite what Gordon contends in his motion to dismiss, these allegations sufficiently identify the substance and content of the defamatory statements. There is no requirement that Harmon must repeat the statements verbatim. Instead, Harmon refers to the document where the harmful statements are made. "While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statements must be alleged." *Silicon Knights v. Crystal Dynamics,* 983 F.Supp. 1303, 1314 (N.D.Cal. 1997). Harmon sufficiently identifies the subject matter of the defamatory statements.

A plaintiff need not allege that the statements were false, but only needs to plead that the defendant published defamatory statements. *Barnett v. Fireman's Fund Ins. Co.,* 90 Cal.App.4th 500, 511 (Cal.App. 2001). Nevertheless, Harmon does allege that the statements were false and are not capable of innocent construction. (Counterclaim, ¶¶ 18-19). Gordon incorrectly argues that Harmon has not identified a false statement made by Gordon. Courts have found that statements regarding an individual's skill or competency are susceptible of being proven true or false. *Gill v. Hughes,* 227 Cal.App.3d 1299, 1309 (Cal.App. 1991) ("The statement that plaintiff is an incompetent surgeon and needs more training implies a knowledge of facts which lead to

this conclusion and further is susceptible of being proved true or false."); *Kahn v. Bower,* 232 Cal.App.3d 1599, 1609 (Cal.App.1991) ("Because of Ms. Bower's professional status and that of the person to whom she wrote, plaintiff's supervisor, the letter is susceptible of the interpretation that plaintiff's incompetence is asserted as an actual condition, a matter of fact"). Harmon alleged that Gordon made statements regarding Harmon being an incompetent and unscrupulous financial advisor. Such accusations are capable of being proven true or false.

In taking the position that Harmon does not allege the specific individuals that Gordon makes the defamatory statements to, Gordon misstates the holdings of two cases. In neither *Shively v. Bozanich,* 7 Cal.Rptr.3d 576, 583 (Cal. 2003), nor *Keiser v. Lake County Superior Court,* 2005 WL 3370006 (N.D.Cal) did the court require that the pleader identify by name the person receiving the defamatory statement. In fact the only requirement is that the defendant must publish the purported defamatory statement to a third party. *Shively*, 7 Cal.Rptr.3d at 583. Harmon has alleged that Gordon made the statements to various third parties. To eventually prevail, Harmon will have to prove that the statements were made, but there exists no requirement that Harmon specifically identify those individuals at the pleading stage.

C. **Count III – Commercial Disparagement**

Count III states a claim against Gordon for commercial disparagement. In his motion, Gordon correctly states the elements for commercial disparagement as: (1) publication; (2) of a false and disparaging statement of fact about the product or services of a plaintiff; (3) made with either knowledge of falsity or reckless disregard of its truth or falsity; (4) with intent to harm the plaintiff's business interests; and (5) specific damages. *California Scents v. Surco Products, Inc.,* 406 F.3d 1102, 1109 (9th Cir. 2005). Each of these elements exists in Harmon's Counterclaim. Harmon alleges that Gordon published defamatory statements about its services in his Complaint

and to outside third parties. (Counterclaim, ¶¶ 16-17). Harmon alleges that these statements were false and that Gordon knew they were false. (Counterclaim, ¶¶ 18, 19, 27). Harmon alleges that Gordon intended to harm Harmon's business interests by discouraging third parties from retaining Harmon's services. (Counterclaim, ¶ 25). Finally, Harmon alleges that they were severely damaged by Gordon's statements. (Counterclaim, ¶ 26).

In moving to dismiss Count III, Gordon makes the identical argument he did in moving to dismiss the defamation claim. Harmon's response to Gordon's argument that Harmon has failed to identify the disparaging comments and failed to identify to whom they were made to is addressed in the previous section related to the defamation claim.

Gordon's other argument on this count is that Harmon failed to plead special damages. Harmon alleges that they have provided financial services to professional athletes and entertainers for a number of years and have developed extensive goodwill and an outstanding reputation. (Counterclaim, ¶ 13). Harmon further alleges that Gordon's disparaging statements have discouraged others from purchasing Harmon's services and resulted in a substantial loss of business since Gordon made the statements. (Counterclaim, ¶¶ 25, 26). An estimation of total dollar amounts lost is unnecessary at the pleadings stage. *Brown and Williamson Tobacco Corp. v. Jackson*, 713 F.2d 262, 270 (7th Cir. 1983); *Fleck Bros. Co. v. Sullivan*, 385 F.2d 223, 225 (7th Cir. 1967) (general claims of loss of reputation along with claims of expenditures from disparaging statements sufficiently notified defendants of plaintiff's claim that it suffered a monetary loss from defendants' statements and the details need not be pleaded). Here Harmon has sufficiently notified Gordon that they lost significant clients due to Gordon's disparaging remarks.

5

D. **Count IV – Tortious Interference With Prospective Business Advantage**

The final count of the Counterclaim states a cause of action against Gordon for tortious interference with prospective business advantage. The elements for this tort are: (1) an economic relationship between the plaintiff and some third party; (2) the defendant's knowledge of that relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; and (4) economic harm to the plaintiff proximately caused by the acts of the defendant. *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1107-1108 (9th Cir. 2007). Harmon has sufficiently plead this claim.

Harmon had a number of existing business relationships with professional athletes and entertainers and based on his reputation had the expectancy for continued and future relationships. Gordon, as a professional basketball player, was certainly aware of those relationships. Harmon alleges that Gordon made defaming statements that damaged Harmon's excellent reputation. Those statements are potentially evidence of Gordon's ill will towards Harmon. Cases involving interference with prospective business advantage turn almost entirely upon the defendant's motive or purpose. *Lowell v. Mother's Cake and Cookie Co.*, 79 Cal.App.3d 13, 18 (Cal.App. 1978).

Harmon has sufficiently set forth the basis for his claim. Harmon alleged that Gordon had knowledge of Harmon's potential relationships with other professional athletes and his statements disparaging Harmon were intentionally designed to ruin those relationships. Despite Gordon's contention, Harmon is not alleging that they had the potential to engage in a hypothetical and speculative business relationship in the future. Instead, Harmon alleges that they had built up a significant business over the years that entailed goodwill and an excellent reputation. These factors and Harmon's existing book of clients sufficiently set forth that

6

Harmon would continue to develop and obtain future business relationships. Harmon further pleads that Gordon was aware of these relations and his false statements about Harmon's services and conduct severely damaged and affected Harmon's business.

Finally, Gordon's argument that Harmon has not alleged that Gordon engaged in any separate wrongful conduct is false. In the previous counts, Harmon sufficiently alleged that Gordon made defaming and commercially disparaging statements about Harmon. These wrongful acts are separate and apart from Gordon's interference with Harmon's prospective economic advantage. Thus, Gordon's motion to dismiss should be denied.

### III. CONCLUSION

WHEREFORE, Defendants/Counter-Plaintiffs, Larry Harmon and Larry Harmon & Associates, P.A. respectfully request this Court deny Plaintiffs' Motion to Dismiss Counts II, III and IV of their Counterclaim and for such further relief that this Court deems just and appropriate.

        LARRY HARMON and LARRY HARMON & ASSOCIATES, P.A

        By:   /s/James K. Borcia
             One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

7

UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN GORDON, G7, INC., and BG4, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 07 C 6807 |
| ) | |
| VITALIS PARTNERS, LLC; LARRY HARMON ) | Judge Kocoras |
| & ASSOCIATES, P.A.; KCD DEVELOPMENTS, ) | |
| LLC; LARRY HARMON and KENNY CRUZ, ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, there was electronically filed **Larry Harmon and Larry Harmon & Associates, P.A.'s Response to Plaintiff's Motion to Dismiss Counts II, III and IV of Defendant's Counterclaim** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

> James Davidson
> Spellmire & Sommer
> 77 West Wacker Drive
> Chicago, IL 60601

> LARRY HARMON and LARRY HARMON &
> ASSOCIATES, P.A

> By: /s/James K. Borcia
> One of Their Attorneys

James K. Borcia
David O. Yuen
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

8