DOY/331409                                                                    8190-1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BEN GORDON, G7 DEVELOPMENT, INC. and )
BG4, INC., )
                                      )
                     Plaintiffs,      )
                                        )
v.                                    )  Case No. 07 C 6807
                                        )
VITALIS PARTNERS, LLC; LARRY HARMON )  Judge Kocoras
& ASSOCIATES, P.A.; KCD DEVELOPMENT, )
CO.; LARRY HARMON and KENNY CRUZ, )  Magistrate Judge Ashman
                                        )
                  Defendants.    )

## STIPULATED PROTECTIVE ORDER

       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders that the following procedures are to be employed in this action for the protection against improper disclosure or any use of confidential and/or proprietary information produced in discovery or filed with this Court:

    **1.**   **Definitions.**

    1.1   <u>Confidential Information</u>. "Confidential Information," which may be designated as provided in paragraph 4 below, is defined as information which is sensitive and /or proprietary to any party, such as sensitive business or financial information, litigation strategies, business plans, personal information or other such.

    1.2   Persons Protected. As used herein, "Person" includes both the named parties to the above-captioned litigation and third parties who (i) respond to subpoenas or otherwise produce documents or other information, (ii) seek to designate "Confidential Information," and (iii) agree or have been ordered to be bound by this Protective Order in accordance with paragraph 3 below.

    1.3   <u>Attorneys' Eyes Only Information</u>. A Person who in good faith believes that the specific identity of its/his/her specific customers and/or suppliers is so sensitive (despite the protections afforded "Confidential Information" in paragraphs 2.1 and 6.1 herein), that it should not be disclosed to a party to this Action, or to a director, officer, or employee thereof, may designate such Confidential Information as "Confidential-Attorneys' Eyes Only." If a Person believes in good faith that any other of its Confidential Information is so sensitive (despite the protections afforded Confidential Information by paragraphs 2.1 and 6.1 herein) that its disclosure to a

1



party to this Action, or a director, officer or employee thereof, will materially prejudice the disclosing Person's business, such Person may designate such information "Confidential-Attorneys' Eyes Only." Information which is designated "Confidential-Attorneys' Eyes Only" shall be used solely for the purposes set forth in paragraph 2.1 below, and disclosed only to persons specified in paragraph 6.2 below.

2.    **Scope of Protection/Disclosure of Confidential Information in Other Proceedings.** This Protective Order governs the handling of all Confidential Information, including business records, other documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, filed, or disclosed in any other manner during discovery and other proceedings in this Action, including Confidential Information produced, given, filed, or disclosed prior to the date of this Protective Order.

   2.1    Use Limitations.  All Confidential Information shall be used only for the purpose of preparing for and conducting this Action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except Persons specified in paragraph 6 below: (i) who have read and are bound by the terms of this Protective Order, and (ii) to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph

   2.2    Other Persons Requesting Confidential Information.  If a Person receives a subpoena or other request for information or documents that contain another party's Confidential Information, the Person receiving such a subpoena or request shall immediately: (i) notify the Person that provided the Confidential Information of the subpoena or request, (ii) notify the person seeking such Confidential Information that the Confidential Information is protected by this Order, and (iii) cooperate fully in the resistance to the effort to obtain the Confidential Information.

3.    **Confidential Information Produced by Third Parties.**  If, in the course of this action, discovery is sought from a third party which would require such Person to disclose and/or produce information deemed by them to constitute Confidential Information, such third party may gain the protections of this Protective Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.  No further order of this Court shall be necessary to extend the protections of this Order to third parties.

4.    **Designation of Confidential Information.**  Any Person who produces, gives, or files Confidential Information shall designate it as follows:

   4.1    Designation of Documents.  Documents (including business records, pleadings, written discovery responses, and all other written materials) containing Confidential Information may be so designated by stamping "Confidential" or "Confidential-Attorneys' Eyes Only," as appropriate, on each page prior to production.  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.  To facilitate the inspection of large volumes of documents without the need to first affix a confidential designation to the face of each, the producing party

2

may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information learned in its initial inspection that is not contained in the copied documents as being designated confidential material.

4.2    <u>Designation of Deposition Testimony</u>.  Deposition testimony may in good faith be designated, in whole or in part, on the record at the time of such testimony, in which case the Person making the designation shall instruct the Court Reporter to stamp the words "Confidential" or "Confidential-Attorneys' Eyes Only" as appropriate, on each page. In addition, in the case of information designated "Confidential-Attorneys' Eyes Only," the Person making such designation also shall instruct the Court Reporter to separately bind the "Confidential-Attorneys' Eyes Only" portions of the deposition transcript.

4.3    <u>Subsequent Designations</u>. Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" after they have been produced without having been so designated, only under the following conditions:

4.3.1    Persons to whom such documents, testimony, or other information, have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation.

4.3.2    The new designation applies only as of the date and time of receipt of notice by each Person notified.

4.3.3    Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 4.3.1.

4.3.4    Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation.

4.3.5    Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition shall be made within the time specified for review and signing of the transcript per Fed. R. Civ. P. 30(e).

5.    <u>**Written Acknowledgment By Recipients of Confidential Information**</u>.  The Persons described in paragraphs 6.1.2, 6.1.4, 6.1.5, 6.1.6, and 6.1.7 to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing the Acknowledgment Form attached hereto as Exhibit A ("Acknowledgment Form").

**6.**    **Persons to Whom Confidential Information May Be Disclosed.**

6.1    "Confidential Information."  Except as otherwise provided by the Court, information designated as "Confidential" shall be disclosed only to:

    6.1.1    Counsel of record for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by such counsel or parties (including employees of independent copying services who have signed an Acknowledgment Form);

    6.1.2    Not more than three (3) officers, directors, or employees of each of the parties to this Action, as counsel, in good faith, requires solely to provide assistance in the prosecution or defense of this Action.

    6.1.3    The Court and court personnel;

    6.1.4    Any other Person by agreement of the producing Person;

    6.1.5    Witnesses at deposition or trial;

    6.1.6    Court reporters employed in connection with this Action; and

    6.1.7    Testifying and/or non-testifying experts or other consultants ("Experts") for the parties to this Action.  Counsel for the party retaining the Expert will maintain the Experts' signed Acknowledgment Form(s).  This provision creates no duty for any party to identify non-testifying Experts who are shown Confidential Information or Confidential-Attorneys' Eyes Only Information, except that if any Person desires to give, show, make available or communicate documents or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to a testifying or non-testifying Expert who, at the time of such retention, is in the photography or reprint businesses, the retaining party first must identify in writing such Expert to whom it intends to give or disclose such information to the attorneys for the other parties to this Action, who shall have five (5) business days from such notice to object to disclosure to any Expert so identified.  The parties shall attempt informally to resolve any objections within five business days.  If after five business days the objections cannot be resolved, the party seeking to disclose information designated "Confidential" or "Confidential-Attorneys' Eyes Only Information" to the Expert may petition the Court for an order allowing the disclosure, and no disclosure of Confidential Information to the Expert will be made until and unless so ordered by the Court.  The party objecting to disclosure of any Confidential Information to an Expert to whom objection has been made may also petition the Court for relief.  In the Court's discretion, the party prevailing in any such motion may be entitled to recover its reasonable attorneys' fees and costs attributable to the motion.

6.2    "Confidential-Attorneys' Eyes Only" Information. Except as otherwise provided by this Protective Order, Confidential Information designated as "Confidential-Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6.1.1 and 6.1.3 through 6.1.7 above who first have signed the Acknowledgment Form.

6.3    Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing the Acknowledgment Form.

6.4    Limited Exceptions:

6.4.1    Author/Addressees. This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies, provided, however, that this paragraph shall not relieve any such persons from his/her independent duty of confidentiality, nor shall this paragraph in any way modify the use limitations set forth in paragraph 2.1 above.

6.4.2    Witnesses. If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, and if the Confidential Information is not known to such a witness, the receiving party's attorneys still may discuss such conduct or affairs with the witness, but without revealing that such a document exists, its author, or its source.

6.4.3    Certain Information Not Subject To Scope of Order. The restrictions of this Protective Order shall not apply to information which: (a) was, is, or becomes public knowledge through no breach of the provisions of this Protective Order; or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party; or (c) the receiving party can establish it developed independently without the use of the Confidential Information.

7.    **Court Filings and Proceedings Involving Confidential Information.**

7.1    All written applications, motions, supporting materials, or other pleadings which contain Confidential Information, and which are submitted to the Court, shall be filed with the Court under seal, in containers or envelopes on which the title of this action, an indication of the nature of the contents or the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form shall appear:

This filing is sealed pursuant to order of the Court. It contains Confidential Information and is not to be opened or the contents revealed except by authorized Court personnel.

5

7.2    Before any hearing or trial, counsel for the parties shall seek to reach an agreement on the handling of Confidential Information at the hearing or trial so as to provide the maximum protection possible against public disclosure without infringing on the rights of the parties to present all evidence they deem relevant and admissible. The parties shall submit such an agreement, or proposals if no agreement is reached, to the Court for its consideration.

8.    **Resolution of Disputes.**

8.1    A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential-Attorneys' Eyes Only" designation at the time made by a disclosing Person, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with any Person's designation of any information as "Confidential Information" or "Confidential-Attorneys' Eyes Only," the Persons first shall try to dispose of such a dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation of "Confidential" may seek appropriate relief from this Court, with the party asserting that the information is Confidential Information having the burden of proving the same. If the dispute involves a party's designation of information as "Confidential-Attorneys' Eyes Only," then, within seven days after the receiving party objects to the producing Person's designation, the producing Person must file a motion with the Court seeking an order that the information at issue is so sensitive that it needs to be designated "Confidential-Attorney' Eyes Only," and such producing Person shall have the burden of proving the same. If the producing Person does not file such a motion within this seven-day period, the information at issue shall be automatically re-designated "Confidential," and shall be handled as such by the receiving party.

8.2    In the Court's discretion, the party prevailing in any such motion may be entitled to recover its reasonable attorneys' fees and costs attributable to the motion.

9.    **Advice to Client Based on Confidential Information.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the contents or the source of any designated information.

10.    **Duration of Order: Disposition of Confidential Information Following Litigation.**

10.1    This Order shall continue to be binding after the conclusion of this litigation, and this Court shall retain jurisdiction for the purpose of enforcing this Order without the necessity of filing a new or separate civil action.

10.2    At the conclusion of this litigation (*i.e.*, upon its dismissal, entry of judgment, and/or the expiration of the time for all appeals), all documents or transcripts designated

"Confidential" or "Confidential-Attorneys' Eyes Only," and any copies thereof, shall be either destroyed, or returned to the Person producing same. In addition, any copies of summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential-Attorneys' Eyes Only" documents or transcripts shall be either destroyed, or returned to the Person furnishing the same.

10.2.1 Notwithstanding the foregoing provisions of paragraph 10.2.1, at the conclusion of this litigation, the parties to this Action, and their outside counsel, may each maintain one complete set of pleadings, briefs and memoranda, deposition transcripts and exhibits, and trial transcripts and exhibits, subject to the continuing applicability of this Order.

SO ORDERED this _____ day of September, 2008.

_____
Judge Kocoras

We consent and stipulate:

BEN GORDON, G7 DEVELOPMENT, INC. and BG4, INC.

By: _____
    One of Their Attorneys

James Davidson
Spellmire & Sommer
77 West Wacker Drive
Chicago, IL 60601

VITALIS PARTNERS, LLC, LARRY HARMON & ASSOCIATES, P.A., KC DEVELOPMENT CO., LARRY HARMON and KENNY CRUZ

By: _____
    One of Their Attorneys

James K. Borcia, Esq.
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive
22nd Floor, Sears Tower
Chicago, IL 60606-6399

7

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT REGARDING CONFIDENTIALITY**

     I, _____, have read the Stipulated Protective Order governing the production, exchange, and handling of confidential information in *Ben Gordon, G7 Development, Inc. and BG4, Inc. v. Vitalis Partners, LLC, Larry Harmon & Associates, P.A., KC Development Co., Larry Harmon And Kenny Cruz,* United States District Court for the Northern District of Illinois, Eastern Division, Case No. 07 C 6807, and I understand that I am bound by the terms thereof.

DATED this _____ day of _____, 2008.


_____