UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEN GORDON, G7 DEVELOPMENT, )
INC., and BG4, INC., )
)
        Plaintiffs, )
)
 vs. ) 07 C 6807
)
VITALIS PARTNERS, LLC, LARRY )
HARMON & ASSOCIATES, P.A., )
KCD DEVELOPMENT CO. LLC, LARRY )
HARMON, and KENNY CRUZ, )
)
        Defendants. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

    This matter comes before the court on the motion of Plaintiff Ben Gordon ("Gordon") for partial summary judgment in his favor on Count I of his complaint against Defendant Vitalis Partners, LLC ("Vitalis"). For the reasons set forth below, the motion is denied without prejudice.

### **BACKGROUND**

    In February 2007, Defendants Larry Harmon, Kenny Cruz, Larry Harmon & Associates ("LHA"), KCD Development, LLC ("KCD"), and Vitalis Partners, LLC ("Vitalis") (collectively referred to as "Harmon") executed a note memorializing,

*inter alia*, an obligation to repay $1,350,000 to Plaintiffs G7 Development, Inc., BG4, Inc., and Ben Gordon (collectively referred to as "Gordon"). The note arose in the context of a more elaborate business relationship between the parties. Approximately three years earlier, Gordon had hired LHA to act as his financial advisors and consultants during Gordon's professional basketball career.

The note contained several provisions setting out the terms of the loan arrangement. For example, Harmon authorized Gordon to charge, withdraw, or set off sums owed on the note against any amount Harmon owed Gordon. In addition, the note stated that Harmon agreed to venue in Placer County, California, for any disputes arising under the note. The note was to expire, requiring full payment, two years after its execution.

The February 2009 expiration date of the note came and went without full payment from Harmon. Gordon has sued, alleging breach of contract for failure to pay the note and breach of fiduciary duty in connection with the transaction underlying the note as well as other aspects of the parties' business dealings. Before answering the complaint, Harmon and LHA unsuccessfully moved to dismiss based upon a lack of personal jurisdiction. They subsequently filed a counterclaim for breach of contract. Gordon now moves for summary judgment on Count I of the complaint.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant in entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to the motion at hand.

**DISCUSSION**

**I. Threshold Considerations**

Harmon's primary opposition to the instant motion rests on two contentions that are not directly related to the question of whether Gordon is entitled to judgment

as a matter of law on his breach of contract claim. The first challenge asserts that the case can be adjudicated only in California. The second contends that the presence of the setoff clause precludes any determination of liability under the contract prior to a full adjudication of all issues in this case. Because these positions challenge the propriety of consideration of summary judgment in the first instance, we will address them before turning to the merits of the motion itself.

Harmon first challenges the propriety of venue in this court, contending that the provision in the note requires any suit to be brought in Placer County, California. There is no question that the note states that Harmon agreed to venue in the state and federal courts for Placer County. His challenge to venue in this court, based as it is in the contractual provision, is appropriately brought as a 12(b)(3) motion to dismiss. *Continental Ins. Co. v. M/V Orsula,* 354 F.3d 603, 606-7 (7th Cir. 2003). However, Harmon does not challenge venue through a 12(b)(3) motion but rather through their response to Gordon's motion for summary judgment. Moreover, even if Harmon had raised the issue via a 12(b)(3) motion to dismiss rather than in a response to summary judgment, such a motion would be untimely. A motion to dismiss for improper venue must be made at the earliest possible opportunity. *Frietsch v. Refco, Inc.,* 563 F.3d 825, 830 (7th Cir. 2005). Gordon's complaint was filed over a year ago, and Harmon has filed both a 12(b)(2) motion to dismiss for lack of personal

jurisdiction as well as an answer to the complaint. According to Fed. R. Civ. P. 12(h)(1), Harmon's challenge to venue in this court should have been raised at the same time as his 12(b)(2) motion to dismiss for lack of subject matter jurisdiction, which was filed in December 2007. Failure to do so results in a waiver of the unvoiced defense as set forth in Fed. R. Civ. P. 12(g)(2).

Harmon's second argument is predicated on an assertion that the setoff clause in the note applies to them. If Harmon is correct, a judgment in their favor on the merits of their counterclaim could be set off against any sum certain that resulted from a summary judgment ruling in Gordon's favor. Relying upon a New York district court case, Harmon contends that the merits of the counterclaim are so related to those at issue in the complaint that one can not be resolved independently from the other. *See RPJ Sportswear, Inc. v. Xylo Tex, Ltd,* 681 F. Supp. 225, 228 (S.D.N.Y. 1988). Though the two claims are undoubtedly related, Gordon's cause of action for breach of contract arises out of the note, whereas the counterclaim for breach of contract arises out of an employment agreement created almost three years before the note was executed. Additionally, neither contract integrates the terms or provisions of the other to any degree. Therefore, the presence of the counterclaim does not preclude adjudication of the merits of Gordon's breach of contract claim.

Because the right to setoff is contained within a contract, we must look first to interpret it through its plain meaning. *Tranzact Techs., Ltd. v. Evergreen Partners, Ltd.,* 366 F.3d 542, 548 (7th Cir. 2004). In this case, the language of the applicable clause refers only to Gordon as having the ability to set off amounts owed on the note against any amounts owed to Harmon. Because the setoff clause does not grant any rights to Harmon, it cannot be invoked by Harmon to preclude consideration of the instant motion for summary judgment.

Thus, there is no threshold impediment to consideration of Gordon's motion for summary judgment.

## II. Motion for Summary Judgment

In order to establish that he is entitled to judgment as a matter of law on his breach of contract claim, Gordon must show the existence of an enforceable contract, his own satisfactory performance of the obligations imposed on him, and the failure of the breaching party to fulfill their corresponding obligations. *Smith v. Jones*, 497 N.E.2d 738, 740 (Ill. 1986). To obtain the relief he seeks, he must establish the facts underlying these contentions in conformity with Local Rule 56.1. The rule requires a moving party to not only assert facts but provide evidentiary support for them with admissible evidence. In support of his assertion that Harmon has breached the terms of the promissory note by not making timely satisfactory

payment of the amount owed, Gordon points to his complaint and to a letter from his attorney to Harmon. Pleadings are allegations, not evidence, and the letter he proffers is inadmissible hearsay. *Burrell v. City of Mattoon*, 378 F.3d 642, 649 (7th Cir. 2004) (allegations in pleadings cannot create issue of fact); *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003) (inadmissible hearsay not permitted as evidence in support of summary judgment motion). No other evidence is advanced to support his claim of contractual breach, so we conclude that, on this record, he has not demonstrated that he is entitled to judgment as a matter of law. Accordingly, summary judgment is not warranted at this time. The instant motion is therefore denied, without prejudice.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is denied without prejudice.

                                                    *Charles P. Kocoras*
                                                    Charles P. Kocoras
                                                    United States District Judge

Dated:    July 1, 2009